UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,  )
      Plaintiff,  ) NO. CR-10-6059-LRS
      )
      ) **MEMORANDUM**
  v.  ) **OPINION RE SENTENCING**
      )
JOSE LOUIS SANDOVAL-MARTINEZ  )
      )
      Defendant.  )
_____)

    The Defendant objects to the pre-sentence report's (PSIR's) proposed 16 level enhancement to his Base Offense Level pursuant to the Sentencing Guidelines, specifically U.S.S.G. §2L1.2(b)(1)(A)(ii). The Pre-Sentence Investigation Report (PSIR) concludes that Defendant's May 1997 California state court (Riverside County Superior Court) conviction for First Degree Burglary, is a "crime of violence" and therefore, the enhancement is justified. The PSIR also concludes that Defendant's October 2004 conviction for Inflicting Corporal Injury On A Spouse/Cohabitant constitutes a "crime of violence."

    Application Note 1(B)(iii) to U.S.S.G. §2L1.2 states:

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, **burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.**

(Emphasis added).

    A conviction for burglary of a dwelling must meet the generic, uniform

**MEMORANDUM OPINION-**     1

definition of burglary to fall under the definition of "burglary of a dwelling" in the Guidelines. A state conviction meets the generic definition of burglary if the burglary statute "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143 (1990). *Taylor* sets forth the categorical approach which "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602. There is no dispute here that Defendant's first degree residential burglary conviction does not constitute generic burglary because California Penal Code Sections 459 and 460 do not require "unlawful or unprivileged entry" for a burglary conviction. *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 852 (9th Cir. 2005). The California burglary statute is broader than the *Taylor* definition of burglary. Thus, the question becomes whether Defendant's California conviction constitutes generic burglary under a modified categorical approach.

Under the modified categorical approach, the court considers whether any of a limited set of specific documents, including "the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment," show the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence. *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003). The modified categorical approach allows the court to look at court records, but only court records. The court cannot look at police reports. *Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254 (2005).[1]

---

[1] The court may examine statements of the factual basis of the charge, including a charging document, a transcript of the plea colloquy, a written plea agreement presented to the court, "or a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20-21, 26, 125 S.Ct. 1254 (2005).

**MEMORANDUM OPINION-    2**

"[D]ocuments used to satisfy a modified-categorical analysis must meet a 'rigorous standard.'" *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004). "'[M]ight simply cannot be enough." *Id.* The government must demonstrate that the record "unequivocally establishes that the defendant was convicted of" a "crime of violence" as defined in U.S.S.G. §2L1.2(b)(1)(A)(ii).

In *Rodriguez-Rodriguez*, the defendant there pled guilty to "willfully and *unlawfully* enter[ing] a building with the intent to commit theft" where the building was an "inhabited dwelling house [or other residential building] . . . within the meaning of Penal Code section 460." By pleading guilty, the defendant admitted the factual allegations in the indictment. Because defendant's conviction included the unlawful entry requirement absent in California's statutory definition of burglary, his conviction met the definition of "burglary of a dwelling" under *Taylor* and therefore, was a "crime of violence" which triggered the 16 level enhancement. 393 F.3d at 852-53.

In *United States v. Aguila-Montes*, 553 F.3d 1229, 1233 (9th Cir. 2009), a Ninth Circuit panel, citing *Rodriguez- Rodriguez*, concluded the defendant's California conviction for first degree residential burglary did not constitute generic burglary under the categorical approach. However, citing the circuit's en banc decision in *Navarro-Lopez v. Gonzalez*, 503 F.3d 1063, 1073 (9th Cir. 2007), the panel went on to hold it could not apply a modified categorical approach because the state crime of which the defendant was convicted (first degree residential burglary) lacked an element of the generic crime of the Guidelines, that being "unlawful or unprivileged entry." *Id*. at 1234. According to the panel, "[e]ven if we were to undertake a modified categorical approach, we could not narrow the California statute by amending it to include the restrictive elements of the Guidelines' generic offense, namely, that the entry must have been 'unlawful or unprivileged.'" *Id*. *Aguila-Montes* was a 2 to 1 decision, with Judge Gould dissenting. *Aguila-Montes* is currently under en banc review by the Ninth Circuit and the panel decision cannot be considered as

**MEMORANDUM OPINION-** 3

precedent. 594 F.3d 1080 (9th Cir. 2010).

*Navarro-Lopez* involved a defendant who was convicted in California for being an accessory after the fact under California Penal Code Section 32. An immigration judge held that conviction constituted a crime of moral turpitude under the federal Immigration and Nationality Act (INA). The Ninth Circuit, en banc, determined that because California Penal Code Section 32 did not include any element of baseness, vileness, or depravity, a conviction under the statute could never constitute a crime involving moral turpitude under the INA. According to the Ninth Circuit, even if the defendant admitted he committed base, vile, or depraved acts in violating the California statute, such an admission could not modify the elements of the state crime. 503 F.3d at 1073. The rationale was that the state crime of conviction cannot be narrowed to conform to the federal generic crime because the state court jury is not required, as *Taylor* mandates, to find all of the elements of the federal generic crime. *Id*. Judge Gould's dissent in *Aguila- Montes* was that application of *Navarro-Lopez* to the California burglary statute was "inconsistent with the scope intended by the United States Supreme Court for its doctrine of modified categorical analysis, as outlined in *Taylor* . . . ." 553 F.3d at 1234.

While Defendant acknowledges the panel decision in *Aguila-Montes* does not constitute binding precedent, he nonetheless asserts this court is bound to follow *Navarro-Lopez* and conclude it cannot use a modified categorical analysis to determine if Defendant's burglary conviction constitutes a "crime of violence." The court disagrees. What Defendant really asserts is that even though the panel decision in *Aguila-Montes* is not binding, this court still must adhere to its reasoning because that decision relied on *Navarro-Lopez*, an en banc decision of the circuit which remains good law. *Navarro-Lopez*, however, did not involve California's burglary statute. It involved an accessory after the fact statute. This very distinction was noted by a district court in the Southern District of California which concluded "[t]here is simply no indication that the en banc decision of *Navarro-Lopez* sought

**MEMORANDUM OPINION-    4**

to overrule . . . *Rodriguez-Rodriguez*." *United States v. Ramos-Medina*, 2009 WL 399249 (S.D. Cal. 2009) at *4. According to the district court, "[b]ecause *Navarro-Lopez* is not sufficiently on point and deals with a separate criminal statute, the court declines to find that *Navarro-Lopez* overruled earlier precedents directly addressing first degree residential burglary under [California Penal Code] §459." *Id*.

In sum, pending the en banc decision in *Aguila-Montes*, this court is authorized by *Rodriguez-Rodriguez* to engage in a modified categorical analysis to determine whether Defendant's conviction constitutes a "crime of violence" under the Guidelines subject to the 16 level enhancement. The certified documents available to this court (attached to the Government's Sentencing Reply Memorandum at Ct. Rec. 45) indicate the Defendant pled guilty in California to a criminal complaint charging him with "willfully and unlawfully enter[ing] a certain building, to wit, an inhabited dwelling house with the intent to commit theft and a felony." As such, Defendant's situation is indistinguishable from the defendant's situation in *Rodriguez-Rodriguez* where the Ninth Circuit found the 16 level enhancement was properly applied.

In *U.S. v. Chavez-Pena*, CR-10-6059-LRS, this court declined to apply the 16 level enhancement. Using the modified categorical approach in *Chavez-Pena*, this court found the Fresno County Superior Court documents did not "unequivocally" establish that defendant admitted to an "unlawful or unprivileged entry." The "Felony Complaint" alleged the defendant "did willfully and unlawfully enter an inhabited dwelling house or trailer coach or inhabited portion of a building with the intent to commit larceny or any felony," but the "Felony Advisement, Waiver Of Rights, And Plea Form" executed by the Defendant indicated only that Defendant pled "no contest" to "Penal Code §459/460(a)," not that he pled "no contest" to the specific allegations in the "Felony Complaint." There was also no specific "Judgment" document indicating the defendant was adjudged guilty "as charged" in the "Felony Complaint." There was a "Minute Order," but all it stated was that

**MEMORANDUM OPINION-       5**

defendant pled "Nolo Contendere" as to Count 1, and that the court found there was a factual basis for the plea. Thus, the court could not find that defendant admitted to the factual allegations in the "Felony Complaint," specifically to an "unlawful entry."

In the instant case, Defendant Sandoval-Martinez, unlike defendant Chavez-Pena, pled guilty to First Degree Burglary, not merely "no contest." A nolo contendere plea is neither an admission or denial of the charge. A nolo contendere plea does not require a factual basis for the plea, whereas a guilty plea does. *North Carolina v. Alford*, 400 U.S. 25, 36 and n. 8, 91 S.Ct. 160 (1970). Furthermore, the "Minute Order" indicates Defendant specifically pled guilty to Count 1 of the "Felony Complaint," which includes the allegation of "unlawful entry." (*See* Ct. Rec. 49-1 at p. 14: "Pleads Guilty to count(s) 001")). Accordingly, *Chavez-Pena* is materially distinguishable.

Furthermore, Defendant registers no objection to the use of the Inflicting Corporal Injury conviction as a basis for the 16 level enhancement. Under Cal. Penal Code §273.5, it appears this conviction categorically qualifies as a "crime of violence" with no need to resort to the modified categorical approach. The statute specifically requires that the "traumatic condition" suffered by the victim be "caused by a physical force." As noted above, Application Note 1(B)(iii) to U.S.S.G. §2L1.2 states:

> "Crime of violence" means . . . **any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.**

(Emphasis added).

The court is not obligated to, and will not, engage in an analysis of whether the 16 level enhancement is properly supported by "empirical data and national experience." Consideration of the 18 U.S.C. Section 3553(a) factors allows the court on a case-by-case basis to impose a sentence lower than the guideline range when it concludes the guideline range is excessive. The court so concluded here and imposed

**MEMORANDUM OPINION-** 6

a sentence of 44 months.

Defendant's objection is overruled. It is proper to apply the 16 level enhancement. Accordingly, the Total Adjusted Offense Level is 21, resulting in a guideline range of 57 to 71 months.

The District Court Executive is directed to provide copies of this memorandum opinion to counsel and to U.S. Probation.

**DATED** this ___13th___ day of January, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**MEMORANDUM OPINION-** 7